

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 29, 1971

Hon. Frank M. Jackson
Executive Secretary
Teacher Retirement System
 of Texas
Lowich Building, Third Floor
314 West Eleventh Street
Austin, Texas 78701

Opinion No. M-914

Re:  Whether, pursuant to
     Section 3.25(b), Texas
     Education Code, a retired
     public school teacher may
     return to teaching and
     again qualify for retire-
     ment so that his additiona
     years of teaching are com-
     puted in calculating his
     new retirement status.

Dear Mr. Jackson:

        Your recent letter requesting the opinion of this office
concerning the referenced matter states, in full, as follows:

        "We request your opinion on the following ques-
tion:

        "'Does Section 3,25(b) of the Texas Education
        Code (Chapter 889, 61st Texas Legislature,
        Regular Session, 1969) as amended by House Bill
        279, 62nd Texas Legislature, Regular Session,
        1971, permit a teacher who has retired to re-
        turn to teaching in Texas, work five (5) con-
        secutive years and repay the amount of retire-
        ment benefit which he had received plus interest
        and membership fees, and again become a member
        of the Retirement System so that the additional
        years of teaching service after retirement would
        be used in recalculating his retirement benefit?'

        "The Teacher Retirement System has interpreted
        Section 3.25(b) to permit reinstatement of membership
        service which was terminated by withdrawal of deposits
        or by absence from service but not to permit a person
        who had already retired and begun receiving retirement
        benefits to again reinstate his membership.

-4455-

"Mr. _____*, retired under the provisions of the Teacher Retirement Act from the Teacher Retirement System on May 31, 1968, and three (3) months later returned to full-time teaching in the _____* Independent School District, thereby forfeiting his retirement benefits during the time he was employed. He has continued to work for three (3) consecutive years. Mr. _____* contends that after he has returned and worked for five (5) consecutive years, he should, under the provisions of Section 3.25(b) of the Texas Education Code, be permitted to make deposits for these five (5) years of teaching since retirement, repay the amount of retirement benefits received, and have his retirement recalculated.

"The Board of Trustees of the Teacher Retirement System has disallowed Mr. _____* request but agreed to ask for an official interpretation of Section 3.25(b).

"The Board's decision to deny the request was based in part on the following points:

"1. The Teacher Retirement Law provides that the date for retirement for any eligible member shall be the last day of any month in which he makes written application to the State Board of Trustees.

"2. The Attorney General has ruled in Opinion No. C-201, dated January 10, 1964, that after the effective date, retirement is an accomplished fact and that the retirement provisions are binding, certain and effective on that date.

"3. The Board of Trustees has adopted as part of their codified Rules and Regulations, Section 15.63 which states:

"'The 'Application for Retirement and Option Selection' form must be filed with the Teacher Retirement System on or before the date of retirement for standard annuity. An applica-

* Specific identification omitted in this opinion.

tion for retirement may be revoked at any time before the retirement date. The option selection cannot be changed after the last date for filing except by revoking the retirement. It can never be changed or the application revoked after the date of retirement.'

"4.  Section 3.37 of the Texas Education Code appears to definitely prohibit a retired person from returning to teaching, receiving additional retirement credit and having his benefits recalculated."

The Texas Education Code, as amended by House Bill 279, 62nd Legislature, Regular Session, 1971, provides, in its relevant sections, as follows:

Sec. 3.25, subdivision (b):

"Any person who terminates or has terminated membership in the retirement system by withdrawal of deposits or by absence from service shall have the privilege of reinstating such terminated membership by rendering service for five subsequent consecutive creditable years and depositing the amount withdrawn plus membership fees for the years during which membership was terminated plus a reinstatement fee of two and one-half percent per annum from the date of withdrawal to date of redeposit. The reinstatement fee shall be credited to the state contribution account."

Sec. 3.37:

"EMPLOYMENT AFTER RETIREMENT.  (a)  Any person receiving a service retirement benefit from the retirement system may be employed in the public schools of Texas:

"(1) on a part-time day-to-day basis only not to exceed 80 school days in any one sachool year as a substitute for an employee who is absent from duty;

"(2) as a substitute in a vacant position until such position can be filled, but not to exceed 30 days, but any substitute employment in a vacant position shall be deducted from the 80 days permitted as a substitute for an absent employee; or

"(3) on as much as a one-third basis if the retired member is over age 60.

"(b) This employment will not affect any person's rights to any benefits under the retirement system. However, it will not entitle a person to additional creditable service under the retirement system and the person so employed shall not be required to make further contributions to the system.

"  . . .

"(d) a person receiving a service retirement benefit from the retirement system who is employed in any position in the public schools of Texas except as provided in this section, shall forfeit all retirement beinefits for any month in which such employment occurs. Employment which begins as substituting may become permanent employment. A person who substitutes on a day-to-day basis in a regular position for an absent employee for more than 80 school days or for more than 30 school days in a vacant position and then continues in the same position shall be considered to have been a regular employee since the first day of employment and forfeits his retirement benefits for all months of employment in that position." (Emphasis added.)

We are of the opinion that the provisions of Section 3.25(b) and Section 3.37, both quoted, supra, can be harmoniously construed. Using such rule of construction, we hold that the provisions of Section 3.25(b) governing reinstatment of membership in the Teacher Retirement System after the rendering of service for five consecutive creditable years are not applicable to persons who have retired from teaching and are eligible to receive retirement benefits.

Therefore, Mr. _____* claim must be determined on the basis of the provisions of Section 3.37. Section 3.37(b), quoted supra, clearly states that retired persons teaching in Texas schools are not entitled to additional creditable service under the Teacher Retirement System.

Accordingly, you are advised that the additional years of teaching service rendered by Mr. _____ after his retirement

* See this note, supra.

cannot be used for purposes of recalculating his retirement benefits.

S U M M A R Y

Section 3.25(b), Texas Education Code, providing for reinstatement of terminated membership in the Teacher Retirement System after the rendering of service for five subsequent consecutive creditable years, is not applicable to persons who have retired from the System and who are drawing retirement benefits.

Section 3.37(b), Texas Education Code, does not entitle a formerly retired teacher who is now teaching again to have the additional years of teaching service rendered after the date of his retirement used in recalculating his retirement benefits.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James McCoy
Scott Garrison
John Banks
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant